UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
TRUSTEES OF THE PLUMBERS LOCAL
UNION NO. 1 WELFARE FUND, ADDITIONAL
SECURITY BENEFIT FUND, VACATION AND
HOLIDAY FUND, TRADE EDUCATION FUND,
AND 401(K) SAVINGS PLAN, ET AL.,

     Plaintiffs,

 - against -

TEMPERINI MECHANICAL, INC., ET AL.,

     Defendants.
------------------------------------------------------x
GLASSER, Senior United States District Judge:

MEMORANDUM AND ORDER

12 Civ. 05646 (ILG) (SMG)

 Before the Court is a motion for attorneys' fees and costs by The Trustees of the Plumbers Local Union No. 1 Welfare Fund, Additional Security Benefit Fund, Vacation and Holiday Fund, Trade Education Fund, and 401(k) Savings Plan ("Local Trustees"), Trustees of the Plumbers and Pipefitters National Pension Fund, and Trustees of the International Training Fund ("National Trustees," and together with the Local Trustees, "Plaintiffs" or "Trustees") after the Trustees obtained a judgment against Temperini Mechanical, Inc. ("TMI") and TMI's owner, Joseph Temperini ("Temperini") (collectively, "Defendants") for violations of the Employee Retirement Income Security Act, as amended, 29 U.S.C. § 1001 et seq. ("ERISA"). For the following reasons, the motion is GRANTED, with a lower attorneys' fees award than the Trustees request.

## BACKGROUND

 The facts relevant to this motion are as follows. TMI, a plumbing contractor operating in New York City, employs several members of Local Union No. 1 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting

Industry (the "Union").  Temperini is TMI's President, CEO, and majority owner.  The Trustees are employer and employee trustees of multiemployer benefit funds administered at the local and national levels (the "Funds").

TMI and the Union are parties to a Collective Bargaining Agreement ("CBA"), which Temperini signed as TMI's President on November 29, 2006.  Dkt. No. 18-2.  The CBA states that TMI must make monthly contributions to the Funds, and in the event TMI fails to contribute on time, it is liable for the delinquent contributions plus interest, liquidated damages, and "all costs including, but not limited to, reasonable audit and accounting expenses, witness costs and attorney's fees, disbursements and court costs . . . ."  Dkt. No. 18-1 at 19 (emphasis added).  From October 2005 through March 2011 and March through September 2012, TMI failed to remit the required contributions to the Funds.

The Trustees commenced this action on November 16, 2012.  Dkt. No. 1.  In their complaint, they alleged that by failing to pay contributions owed under the CBA, Defendants violated ERISA and the Labor Management Relations Act, 29 U.S.C. § 141 et seq.  See id.  On January 27, 2014, the Trustees moved for summary judgment.  Dkt. No. 16.  On June 13, 2014, the Court granted their motion and found that TMI and Temperini were jointly and severally liable under ERISA for the delinquent contributions, and that the Local and National Trustees were entitled to judgment in the amount of $229,839.96 and $34,022.76, respectively.  Dkt. No. 28.[1]

On July 7, 2014, the Trustees moved this Court to award $20,375.22 in attorneys' fees and $110.50 in costs, pursuant to Rule 54(d) of the Federal Rules of Civil Procedure.  Dkt. No. 29.  Defendants filed their opposition on July 21, 2014.  Dkt. No.

---

[1] The Clerk of Court entered judgment in favor of the Trustees on July 24, 2014.  Dkt. No. 33.

32.  In their motion, the Trustees argue that as prevailing plaintiffs, they are entitled to reasonable attorneys' fees and costs under ERISA and the CBA.  They submitted as an attachment to the motion the declaration of Richard Epstein, an associate at the law firm of Virginia and Ambinder, LLP ("V&A"), counsel to the Trustees.  They also provided timesheet records, which apportion the fees and costs between the local and national Funds, and list the date, hours expended, and descriptions of the work performed by each V&A attorney and legal assistant.  See Epstein Decl., Ex. A.  The Epstein Declaration states that V&A's total billings in this matter amount to $20,375.22[2] for 88.69 hours of work.  ¶ 7.  The timesheets show that V&A charged an hourly rate of $200-250 for attorneys and $90-200 for legal assistants.[3]  See id., Ex. A.

## DISCUSSION

### I.  Entitlement to a Fee Award

#### a.  CBA

Attorneys' fees are recoverable where the parties have so agreed in a valid contract.  See, e.g., U.S. Fidelity and Guar. Co. v. Braspetro Oil Servs. Co., 369 F.3d 34, 74 (2d Cir. 2004).  In New York, a contractual fee arrangement is enforceable where the language is "unmistakably clear" and unambiguously applies to the dispute at issue.  Coastal Power Int'l Ltd. v. Transcon. Capital Corp., 182 F.3d 163, 165 (2d Cir. 1999); Olympus Imaging America Inc. v. Reifschneider S.A., No. 10-CV-4516, 2011 WL 2490596, at *1 n.1-2 (E.D.N.Y. June 22, 2011) (pursuant to contract, defendant was

---

[2] The Court has identified numerous mathematical errors in the calculation of fees listed on the timesheets.  After correcting these multiplication errors, the Court finds that the total fee request should actually be $20,377.50.

[3] The Epstein Declaration states that V&A's billing rate is $225 per hour for attorneys and $90 per hour for legal assistants.  ¶¶ 3-5.  However, the timesheets show that Epstein's work was billed at a rate of either $200 or $250 per hour.  See id., Ex. A.  Several entries show legal assistant work billed at $115 or $200 per hour.  See id.  The Trustees do not acknowledge or explain the variances in billing rates.

required to pay attorneys' fees and court costs incurred in plaintiff's collection of delinquent payments). The CBA makes it unmistakably clear that the Trustees can recover ". . . all costs including, but not limited to, reasonable . . . <u>attorney's fees, disbursements and court costs</u>" incurred in pursuing their action for delinquent contributions. <u>See</u> CBA at 19 (emphasis added).

### b. ERISA

Section 502 of ERISA similarly provides that the court shall award reasonable fees and costs where plaintiffs in an action to recover delinquent contributions obtain a favorable judgment. <u>See</u> 29 U.S.C. § 1132(g)(2). An award of reasonable attorneys' fees and costs is therefore warranted here, where the Trustees sought to recover delinquent contributions from Defendants and prevailed. <u>See</u> <u>Trs. of United Teamster Fund v. Ronnie's Truck Serv., Inc.</u>, No. CV-07-4456, 2008 WL 2686993, at *2 (E.D.N.Y. July 8, 2008).

## II. Reasonableness of the Fees and Costs

### a. Attorneys' Fees

In determining a fee award, courts in the Second Circuit apply the "presumptively reasonable fee" standard, which asks "what a reasonable, paying client would be willing to pay," assuming the client "wishes to spend the minimum necessary to litigate the case effectively." <u>Simmons v. N.Y. City Transit Auth.</u>, 575 F.3d 170, 174 (2d Cir. 2009) (quoting <u>Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany</u>, 493 F.3d 110, 112 (2d Cir. 2009)). Generally, the reasonable hourly rate is the prevailing rate charged in the district in which the court sits, by lawyers of comparable skill, experience, and reputation. <u>See</u> <u>id.</u> at 175-77; <u>Hargroves v. City of New York</u>, No. 03-CV-1668, 2014 WL 1270585, at *11 (E.D.N.Y. Jan. 6, 2014). The Court will not compensate attorneys

for excessive, duplicative, or unnecessary work.  See LaBarbera v. Ovan Const. Inc., No. CV-06-2867, 2011 WL 5822629, at *5 (E.D.N.Y. Sept. 20, 2011).  Finally, a motion for attorneys' fees must include "contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done," N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1154 (2d Cir. 1983), which must be "sufficiently detailed" to allow a court to determine whether the requested fees are reasonable.  Serin v. Northern Leasing Sys., Inc., No. 7:06-CV-1625, 2011 WL 1467560, at *6 (S.D.N.Y. Apr. 19, 2011).

Defendants' contention that the requested fees and costs are "speculative" because the Trustees did not submit "an affidavit of an accountant, or of any individual or company that did an audit to invoice that any money was owed"[4] is without merit. The Trustees submitted a declaration and detailed timesheets describing the date, hours expended, and nature of work performed by each V&A attorney and legal assistant.  This submission is sufficiently detailed for the Court to determine the reasonableness of the fees.  See Carey, 711 F.2d at 1154.

### i. Rate

V&A charged an hourly rate of $200-250 for attorneys and $90-200 for legal assistants.  See Epstein Decl., Ex. A.  The Trustees request attorneys' fees for work performed by two V&A associates, Richard Epstein and Michael Isaac,[5] who regularly

---

[4] Paragraphs 5–9 of Defendants' Opposition to Plaintiffs' Motion for Attorneys' Fees and Costs are copied from their Opposition to Plaintiffs' Motion for Summary Judgment.  See Dkt. Nos. 32 & 26.  The Court reviewed and rejected these arguments in its Memorandum and Order granting summary judgment in favor of the Trustees, and it will not reconsider them here.

[5] The timesheets contain one entry for work performed by an employee with the initials "LB," who is not identified in the Epstein Declaration.  On January 4, 2013, LB billed .39 hours at a $200 hourly rate for legal assistant work related to the declaration of default filed by the Trustees that same day.  See Epstein Decl., Ex. A at 5; Dkt. No. 6.  Assuming LB is a legal assistant based on the nature of the work performed, the court will award fees at an hourly rate of $90 for the .39 hours that LB billed.

represent multiemployer employee benefit plans in ERISA litigation. Epstein Decl. ¶¶ 3-4. V&A's hourly rate for the two attorneys is reasonable, considering past awards in this district and the attorneys' skill and experience with ERISA litigation. <u>See, e.g.</u>, <u>Penberg v. HealthBridge Mgmt.</u>, No. 08 Civ. 1534, 2011 WL 1100103, at *6-7 (E.D.N.Y. Mar. 22, 2011) ("reasonable fees in this district vary from $200 to $375 per hour for partners and $100 to $295 per hour for associates"). However, the $115-200 hourly rate billed for some legal assistant work is higher than average for this district, and the Trustees have not explained why certain tasks—such as redacting exhibits for filing—were billed at a premium. <u>See</u> <u>Gesualdi v. Interstate Masonry Corp.</u>, No. 12-CV-0383, 2014 WL 1311709, at *13 (E.D.N.Y. Mar. 28, 2014) (reducing legal assistant rate to $90 per hour where plaintiffs requested rate of $110 per hour and did not justify higher rate). Therefore, the Court will award fees for legal assistant work at an hourly rate of $90 and reduce the requested award accordingly by $167.60.

### ii. Hours

Approximately 56 of the 88 hours billed in this case relate to the Trustees' summary judgment motion and reply brief. <u>See</u> Epstein Decl., Ex. A. This is a modest amount to bill for the legal research and drafting required to prepare a successful motion for summary judgment. <u>See</u> <u>LaBarbera</u>, 2011 WL 5822629, at *5 (awarding attorneys' fees for 184 hours billed in ERISA case involving discovery, a summary judgment motion, and inquest on damages after default). The remaining 32 hours relate to discovery matters and the motion for attorneys' fees. <u>See</u> Epstein Decl., Ex. A. Although this amount is reasonable for the tasks performed, the Trustees are not entitled under ERISA or the CBA to attorneys' fees for the time spent seeking the fees themselves. <u>See e.g.</u>, <u>F.H. Krear & Co. v. Nineteen Named Trs.</u>, 810 F.2d 1250, 1266 (2d

Cir. 1987) (general contract providing for recovery of attorneys' fees does not authorize award for time spent seeking the fees). Therefore, the Court must exclude the 4.2 hours spent on the motion for attorneys' fees and reduce the requested award by $890.

### b. Costs

Rule 54(d) provides that "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). In a successful action under ERISA to recover delinquent contributions, courts award "[r]easonable and identifiable out-of-pocket disbursements ordinarily charged to clients." Trs. of the Road Carriers Local 707 Welfare Fund v. Goldberg, No. 08-CV-0884, 2009 WL 3497493, at *10 (E.D.N.Y. Oct. 28, 2009). The Trustees' request of $110 in costs incurred for service of process is therefore "plainly reasonable." See, e.g., Trs. of Local 813 Ins. Trust Fund v. Bradley Funeral Serv., Inc., No. 11-CV-2885, 2012 WL 3871759, at *7 (E.D.N.Y. Aug. 10, 2012).

## CONCLUSION

For the reasons set forth above, Plaintiffs' motion for attorneys' fees and costs is GRANTED. The Local Trustees are entitled to attorneys' fees in the amount of $17,273.50 and costs in the amount of $110.50, and the National Trustees are entitled to attorneys' fees in the amount of $2,046.40. The Trustees are to appropriately apportion the award among the Funds. See Trs. of the Plumbers Local Union, No. 1 Welfare Funds v. M.B. Mech. Corp., No. 12 Civ. 4798, 2013 WL 173391, at *2 n.1 (E.D.N.Y. Jan. 15, 2013).

SO ORDERED.

Dated:     Brooklyn, New York
           September 19, 2014

/s/ _____

I. Leo Glasser
Senior United States District Judge